**Lloyd Bernstein, OSB #002030**
lloyd.bernstein@wilsonelser.com
**Thomas James Belesiu, OSB #183032**
thomas.belesiu@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3030
Facsimile: 971.352.3019

*Attorneys for Defendant Liberty Mutual Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KRISTOPHER WOOD, an individual, JESSICA BLOOMER, an individual,**<br><br>Plaintiff,<br><br>vs.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY, a corporation,**<br><br>Defendant. | Case No. Case No. 3:24-cv-02013-SB<br><br>**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' SECOND CLAIM FOR NEGLIGENCE** |

## RULE 7-1 CERTIFICATION

Pursuant to L.R. 7-1(a), counsel for Defendant Liberty Mutual Insurance Company ("Liberty Mutual") certifies that he conferred with counsel for Plaintiffs Kristopher Wood and Jessica Bloomer (collectively "Plaintiffs") by e-mail on June 4 and 5, 2026, to discuss the issues

contained herein, and the parties were unable to resolve their dispute. Pursuant to LR 7-1(d)(2), Liberty Mutual requests oral argument.

## INTRODUCTION

Oregon law severely restricts when a negligence claim can result in noneconomic damages absent a physical injury. One requirement for recovery is that the tortfeasor violated a sufficient legal interest separate from the caused noneconomic injury. Few legal interests are sufficient under Oregon law to permit a plaintiff to recover noneconomic damages for negligence. Another requirement is that the tortfeasor's violation caused the plaintiff to suffer a serious emotional injury. In this first-party, property-insurance dispute, Plaintiffs assert that Liberty Mutual violated O.R.S. 746.230 when it adjusted Plaintiffs' insurance claim, and demand noneconomic damages for those violations in an unspecified amount. Liberty Mutual brings this Motion for Partial Summary Judgment against that demand for noneconomic damages because Plaintiffs cannot prove that they suffered a serious emotional injury, and no legal interest exists sufficient to support Plaintiffs desired recovery.

## MOTION

Pursuant to Fed. R. Civ. P. 56, the Court should grant summary judgment to Liberty Mutual on Plaintiff's demand for noneconomic damages under their second claim for negligence.

## STATEMENT OF RELEVANT UNDISPUTED FACT[1]

### 1. A fire damaged Plaintiffs' house when unknown persons set fire to it.

Plaintiff Kristopher Wood owns a house in Oregon City, Oregon, where he lives with his spouse Plaintiff Jessica Bloomer and their children.[2] Unknown persons set fire to that house on

[1] These facts are intended to guide the Court during its consideration of this Motion for Partial Summary Judgment, and should not be considered comprehensive.
[2] Belesiu Decl., EX 1. – Deposition of Kristopher Wood at 16:13-15; Belesiu Decl., EX 2. – Deposition of Jessica Bloomer at 15:14-18.



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

May 19, 2023 (the "Fire Loss"),[3] and Plaintiffs subsequently filed an insurance claim (the "claim") with Liberty Mutual.[4] Liberty Mutual insures Plaintiffs' house through insurance policy no. H37-261-050244-60 2 7.[5]

**2. Liberty fully paid Plaintiffs' mitigation expenses and the only repair estimate presented to Liberty Mutual pre-litigation.**

Plaintiffs assert that Liberty Mutual underpaid their dwelling claim, but cannot point to a claim that Liberty Mutual denied. Plaintiffs hired Paul Davis Restoration ("PDR") to repair their house, Liberty Mutual agreed to PDR's full scope of repair, and overpaid the actual cash value on that scope of repair.

The record unambiguously shows that Plaintiffs knowingly hired Paul Davis Restoration ("PDR") as their general contractor for repairs and did so with knowledge that PDR and Liberty Mutual were independent entities. PDR's 30(b)(6) Steve Calnek testified that Wood Reached out to PDR to scope repairs to his home,[6] and that PDR does not solicit repair work.[7] Plaintiff Wood signed a work authorization with PDR on July 17, 2023.[8] The Work Authorization memorializes that Plaintiffs "understand that the Contractor has no connection with the insurance company or its adjuster and that only I [the Plaintiffs] have the authority to enter into this Work Authorization and authorize the Contractor to do the Work."[9] Plaintiff Wood admitted during his deposition that he read the Work Authorization prior to signing it.[10] A claim note from May 25, 2023, documents

[3] Defendant's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint at ¶ 8.
[4] Belesiu Decl., EX 3. – Claim Notes at LM_000031.
[5] Belesiu Decl., EX 4. – Policy at POLICY_000002.
[6] Belesiu Decl., EX 5. – Deposition of Steve Calnek at 9:9-11.
[7] Belesiu Decl., EX 5. – Deposition of Steve Calnek at 29:12-18.
[8] Belesiu Decl., EX 6. – Work Authorization R (no bates); Belesiu Decl., EX 1. – Deposition of Kristopher Wood at 65:10.
[9] Belesiu Decl., EX 6. – Work Authorization R (no bates).
[10] Belesiu Decl., EX 1. – Deposition of Kristopher Wood at 65:11-13.



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

a call where Plaintiff Wood told Liberty that he wanted to use PDR for both mitigation and repairs for the Loss.[11] [12]

No disagreement exists between Liberty Mutual and PDR as to the scope of repairs to Plaintiffs' house.[13] Liberty Mutual also paid Plaintiffs the full $76,137.05 actual cash value associated with PDR's rebuild estimate. [14] This agreement resulted from a 53-day adjustment on that rebuild estimate. PDR submitted its initial draft rebuild estimate to Liberty Mutual on September 21, 2023. Liberty Mutual sent PDR a set of technical revisions on October 3, 2023, PDR responded to those technical revisions on October 9, 2023, and Liberty Mutual replied on October 16, 2023. PDR then sent a revised estimate to Liberty Mutual on November 6, 2023—which Liberty Mutual approved on November 13, 2023.[15]

**3. Liberty Mutual paid Plaintiffs the Policy's maximum Additional Living Expense claim for a loss unrelated to state of emergency.**

The Policy covers Additional Living Expenses ("ALE") for twelve months as incurred and without a monetary limit:

> We [Liberty Mutual] will pay the amount of loss covered by Coverage D which is actually sustained by you during the 12 consecutive months following the date of loss, subject to the periods of time under paragraph 1, 2, and 3 of Coverage D – Loss of Use.[16]

Liberty Mutual provided Plaintiffs with the Policy's full twelve-month benefit. That benefit ran from May 20, 2023, until May 20, 2024.[17] Plaintiffs initially used their ALE to reside in

---

[11] Belesiu Decl., EX 3. – Claim Notes at LM_000030.
[12] Liberty Mutual anticipates that opposing counsel will claim that Liberty Mutual referred PDR to Plaintiffs. During his deposition, Plaintiff Wood testified that he could not recall whether Liberty Mutual referred PDR to him. Belesiu Decl., EX 1. – Deposition of Kristopher Wood at 36:24-37:5.
[13] *See generally*, Belesiu Dec., EX 7 – Approval Thread LM_001966-1981.
[14] Belesiu Dec., EX 8 – Payment Ledger at LM_000081.
[15] Belesiu Dec., EX 7 – Approval Thread LM_001966-1981.
[16] Belesiu Decl., EX 4. – Policy at POLICY_000024.
[17] Belesiu Dec., EX 8 – Payment Ledger at LM_000082-LM_000083.



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

Rivergrove, Oregon,[18] and then signed an eighteen-month lease for a home in Lake Oswego, Oregon.[19] Liberty Mutual never pushed back on Plaintiffs desire to live at either location.[20]

Plaintiffs further agree that Liberty Mutual paid them their full ALE entitlement under the Policy:

> **The ALE was paid for 12 months which is what the policy provides**. I did request an extension, that extension was denied.· And it was denied on the grounds that **the policy only covers 12 months**. Could it -- Liberty have assisted further?· I'm sure they could have.· I don't know what's required in a situation like this where the repairs take longer than the ALE period, so I'm not sure if I can answer that with a yes or no.[21]

To the extent that Plaintiffs dispute what they received from Liberty Mutual for ALE, Plaintiffs' basis is wishful thinking, not policy language or claims handling.

**4. Plaintiffs' assert that O.R.S. 746.230 supports their negligence claim's demand for noneconomic damages.**

Plaintiffs' lawsuit includes a negligence claim against Liberty Mutual that demands noneconomic damages in an unspecified amount.[22] To support their demand for noneconomic damages, Plaintiffs plead the following protected legal interest:

> Liberty is subject to a standard of care in its performance of insurance contracts that is independent of, in addition to, and outside the terms of the Policy. As Liberty's insured, the **Plaintiffs were protected under law from specific practices, acts, or omissions by Liberty** that are harmful and injurious to policyholders. The **legal protection from improper practices, acts, or omissions by Liberty** serve to, among other things, ensure that insurance companies promptly, thoroughly, and fairly investigate insurance claims, promptly and completely pay policyholders for all covered damages, and honestly represent to policyholders the coverage afforded by the insurance policy and the facts of the claim. **In the**

---

[18] Belesiu Decl., EX 3. – Claim Notes at LM_000021.
[19] Belesiu Decl., EX 1. – Deposition of Kristopher Wood at 53:23:54-6.
[20] *See* Belesiu Decl., EX 3. – Claim Notes at LM_000030, LM_000009
[21] Belesiu Decl., EX 1. – Deposition of Kristopher Wood at 54:10-55:25 (emphasis added).
[22] Plaintiffs' Complaint – First Amended at ¶ 31.



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

> **context of property damage claims like this**, the protections afforded the Plaintiff provided them with the assurance she would be able to promptly repair or replace the covered property and return the Property to its pre-Loss condition. **These guarantees serve as a safeguard for policyholders from the stress and emotional injuries associated with the insurance company failing to promptly and effectively investigate and adjust the claim, refusing to pay all amounts owed** under the Policy, dedicating substantial time and effort to secure the full benefits owed under the Policy, and being required to expend additional amounts for attorney services in order to recover all amounts owed by Liberty.[23]

The legal interests alleged by Plaintiffs are insufficient as a matter of law to permit an award of noneconomic damages:

**5. Plaintiffs allege garden variety claims of stress unrelated to how Liberty Mutual handled their claim.**

Plaintiffs concede that Liberty Mutual's claim handling did not physically injury them. [24] Likewise, Plaintiff Wood further concedes that Liberty Mutual's claim handling did not cause him to suffer pain.[25] Plaintiff Bloomer also conceded that Liberty Mutual did not cause her to suffer pain but clarified that her admission excluded emotional distress.[26]

Plaintiff Wood claimed that Liberty Mutual's claim handling caused him stress when Liberty Mutual "denied" his request for an ALE extension. He placed that stress at a nine out of ten.[27]

Plaintiff Bloomer also claimed that Liberty Mutual's claim handling caused her stress and placed that stress at a six out of ten.[28] She could not answer what part of Liberty Mutual's claim handling caused her this stress:

---

[23] ¶ 27 (emphasis added).
[24] Belesiu Dec., EX 9 – Plaintiffs' Response to Defendant's First Requests for Admission at No. 1, No. 4.
[25] Belesiu Dec., EX 9 – Plaintiffs' Response to Defendant's First Requests for Admission at No. 2.
[26] Belesiu Dec., EX 9 – Plaintiffs' Response to Defendant's First Requests for Admission at No. 5.
[27] Belesiu Decl., EX 1. – Deposition of Kristopher Wood at 72:23-74:17.
[28] Belesiu Decl., EX 2. – Deposition of Jessica Bloomer at 41:16-24



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

> Q.· ·And -- and what parts of Liberty's claim handling caused you that stress?
>
> ·A.· ·I had a lot of stress from being unable to live in our house.· I also had a lot of stress when we moved into our house and it wasn't repaired to the point where it was easy to live here.[29]

**LEGAL MEMORANDUM**

**1. Legal Standard – Summary Judgment:**

Summary judgment is appropriate when the evidence in the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. The burden then shifts to the non-moving party to demonstrate through the production of probative evidence that there remain issues of material fact to be tried. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). To meet its burden, the non-moving party must make an adequate showing as to each element for which it bears the burden of proof. *Celotex*, 477 U.S. at 322-23.

**2. The Court should grant summary judgment to Liberty Mutual on Plaintiffs' demand for noneconomic damages.**

**a. Plaintiffs must prove both that Liberty Mutual violated a sufficient legal interest and that Plaintiffs suffered serious emotional distress as a result.**

Under Oregon law, noneconomic damages are only available when the defendant (1) "physically injures the plaintiff", (2) "intentionally causes the emotional distress", or (3)

[29] Belesiu Decl., EX 2. – Deposition of Jessica Bloomer at 42:7-12



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

"negligently causes foreseeable, serious emotional distress and also infringes some other legally protected interest." *Moody v. Oregon Community Credit Union*, 371 Or. 772, 784 (2023); *see also Doyle v. City of Medford*, 356 Or. 336, 375 (2014); *Hammond v. Cent. Lane Communications Ctr.*, 312 Or. 17, 22-23 (1991) (collecting cases). Plaintiffs' demand for noneconomic damages falls under the third theory—negligently foreseeable, serious emotional distress that also infringes on a sufficient legally protected interest.[30] This claim for noneconomic damages fails as a matter of law because Plaintiffs cannot show either a serious emotional injury or that recovery of noneconomic damages is supported by a sufficient legally protected interest:

**b. No sufficient legally protect interest exists to sustain Plaintiffs' negligence demand for noneconomic damages.**

Oregon Law does "not permit recovery of purely emotional injury unless [the Court] determine[s] that the claimed harm is 'of sufficient importance as a matter of public policy.'" *Moody v. Oregon Community Credit Union*, 371 Or. 772, 805 (2023) (quoting *Philibert v. Kluser*, 360 Or. 698, 705 [2016]); *see also I.K. v. Banana Republic*, LLC, 317 Or.App. 249, 254 (2022); *Lockett v. Hill*, 182 Ore. App. 377, 380 (2002) (Holding the identification of a sufficient legally protected interest as the "*sine qua non* of liability for emotional distress damages unaccompanied by physical injury"). A sufficient legally protected interest must contain a "limiting principle that will avoid potentially unlimited claims or damages." *Moody*, 371 Or. at 786 (quoting *Philibert*, 360 Or. at 708).

The kinds of legally protected interests found sufficient by Oregon courts differ in both kind and degree from the record in Plaintiffs' dispute with Liberty Mutual. *See Tomlinson v. Metro. Pediatrics, LLC*, 362 Ore. 431, 452 (2018) (legally protected interest in informed reproductive

[30] Plaintiffs conceded that Liberty Mutual did not physical injure them.



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

choices sufficient); *Philibert*, 360 Ore. at 707 (avoiding being a witness to the negligently caused traumatic injury or death of a close family member sufficient); *Nearing v. Weaver*, 295 Or. 702, 708 (1983) (right to have officers comply with statute requiring arrest to protect victims of domestic violence); *McEvoy v. Helikson*, 277 Or. 781, 787-89 (1977) (right to have lawyer comply with order requiring retention of child's passport to protect father's interest in child's custody); *Hovis v. Burns*, 243 Ore. 607, 613 (1966) ("surviving spouse has the legal right to have the remains of the deceased undisturbed"); *Hinish v. Meier & Frank Co.* 166 Ore. 482, 506 (1943) (use of name and signature in telegram to Governor without consent sufficient).

The Court's holding in *Moody* does not violate this narrow trend: "we are convinced that plaintiff has alleged a legally protected interest that provides that limiting principle; that is, plaintiff, as the surviving spouse of a deceased breadwinner, has a legally protected interest." "Indeed, the closing lines of the *Moody* decision signaled that the Oregon Supreme Court believed there was something distinct about the plaintiff's claim that set it apart, even from other cases involving a dispute over insurance coverage." *Charles Lott v. Liberty Insurance Corporation*, 3:24-cv-00524-YY at page 10 (D. Or. 2026).

By contrast, "where the underlying loss is an economic or property loss that also results in emotional distress, the invasion is not of sufficient importance to warrant an award of damages for emotional distress." *Shin v. Preparatory School, Inc.*, 199 Or.App. 352, 371 (2005); *see also McCulloch v. Price Waterhouse LLP*, 157 Or.App. 237, 251-52, (1998) (negligent infringement by accountants of the plaintiff's interest in trust assets and timely filing of tax returns not sufficient to award emotional distress damages); *Hilt v. Bernstein*, 75 Or.App. 502, 515, 707 P.2d 88 (1985) (emotional distress resulting from attorney's negligent counseling resulting in loss of home equity not actionable because underlying loss was "solely an economic one"). The breadth of Oregon's



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

negligence law requires Plaintiffs to articulate a sufficient legally protected interest, subject to a limiting principle, to take their negligence claim for noneconomic damages to a jury.

No such legally protected interest is available to Plaintiffs. Unsurprisingly, Plaintiffs struggle to articulate a legal interest in their First Amended Complaint. That complaint alludes to O.R.S. 746.230 and discusses "the legal protection from improper practices, acts, or omissions." But neither O.R.S. 746.230 nor the prompt and full payment of insurance claims can be in themselves a sufficient legal interest to justify an award of noneconomic damages. As Judge You observed in *Lott*, *Moody* specifically foreclosed that line of thinking:

> Our conclusion here **does not make every contracting party** liable for negligent conduct that causes purely psychological damage, **nor does it make every statutory violation** the basis for a common-law negligence claim for emotional distress damages. **Far from it**. Few contracting parties promise to provide necessary financial resources on the death of a spouse knowing that their obligation to act reasonably in doing so is required by statute.

*Moody*, 371 Or. at 805-806. O.R.S. 746.230 is not itself a sufficient legal interest.

Neither can Plaintiffs fashion a legal interest from the record. They submitted a garden variety property insurance claim to Liberty Mutual. The record shows that Liberty Mutual acknowledged and investigated that claim. Plaintiffs hired PDR to serve as their general contractor. PDR then engaged Liberty Mutual on the scope of repair and the two came to an agreement. Liberty Mutual then paid the full actual cash value on that scope. Liberty Mutual never denied a single claim submitted by Plaintiffs. While Plaintiffs feel that Liberty Mutual "denied" their request for an ALE extension, they concede that the Policy provides a twelve-month limit and that Liberty Mutual paid them twelve months of ALE. No legal interest can be gleaned from these facts. The Court should grant summary judgment to Liberty Mutual on the Plaintiffs negligence demand for noneconomic damages.



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

**c. Plaintiffs cannot show that Liberty Mutual's adjustment of their claimed caused them a serious emotional injury.**

Independent of the above, to recover emotional damages in a claim against an insurance carrier for negligence *per se*, an insured must prove "an emotional injury that rises to the level of a serious emotional injury for a necessary element" as a result of the carrier's handling of the claim. *Karli Crook v. Farmers Insurance Company of Oregon*, 24CV1661 (Lane County 2024). Oregon Circuit Courts now routinely deny claims brought under O.R.S. 746.230 where either the allegations or the record fail to establish that the carrier's actions caused the insured to suffer a *serious emotional injury*. *See e.g. Nicolai Cranch v. Farmers Insurance Company of Oregon*, 25CV64631 (Lane County 2026) (adopting framework from *Charles Lott v. Liberty Insurance Corporation*, 3:24-cv-00524-YY to conclude that an insured plaintiff must show objective indicators of "serious emotional harm"); *Duran v. Farmers Ins. Co. of Oregon*, 24CV59947 (Multnomah County 2025) (granting carrier's motion to dismiss *Moody* claim because complaint did not allege facts that established a sufficient emotional injury); *Walker v. Farmers Insurance Company of Oregon*, 24CV49143 (Multnomah 2025) (twice dismissing *Moody* claim that failed to describe what distress insured suffered and how carrier caused that dismiss). A Court must assess whether a plaintiff's claims contain "objective indicators of possibly serious emotional injury." *Moody*, 371 Or at 803.

To demonstrate such objective indicators, the emotional harm suffered must be "the emotional equivalent of a physical injury." *Philibert*, 360 Or at 707; *see also I. K. v. Banana Republic, LLC*, 317 Or. App 249, 258, 505 P3d 1078 (2022) (recognizing the "emotional equivalent of a physical injury" standard). An emotional injury meets this standard only where it is "'obvious' and favored by '[a]ll ordinary human feelings' that the damages for emotional



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

distress" sought by Plaintiffs "should be recoverable in negligence." *Philibert*, 360 Or. at 707-08. On the other hand, emotional distress resulting from the kind of emotional turmoil that is "an unavoidable and essential part of life to which every person may potentially be exposed in an industrial and sometimes violent society is not actionable." *Id*. at 713 (quoting *Thing v. La Chusa*, 48 Cal. 3d 644, 667 (Cal. 1989)).

This is an objective analysis. *Id.* at 715 n 7. The determinative issue is whether the severity of the particular "stimuli" of the injury is sufficiently severe, not the severity of the particular emotional reaction of Plaintiffs. *Id.* at 712. The purpose of the inquiry is to "discriminate between stimuli that would induce serious psychic consequences in normally constituted people and those that would do so only in people already peculiarly vulnerable." *Id.* (quoting *Fowler V. Harper*, Fleming James, Jr. & Oscar S. Gray, 3 *Harper, James and Gray on Torts* § 18.4, 812 (3rd ed 2007)). A plaintiff's emotional injury meets this standard only where "[t]he factual conditions required for a plaintiff to recover provide an objective basis to believe that the serious emotional distress that [Plaintiffs] allege[ ] is genuine and a reaction that would be shared by a reasonable person in the same situation." *Id.* at 715 n 7.

"[A]n underlying economic or property loss that predictably also results in emotional distress" is not sufficiently severe to support a claim for emotional distress. *Tomlinson v. Metropolitan Pediatrics, LLC*, 275 Or. App 658, 682, 366 P3d 370 (2015). Nor does the "kind of temporary annoyance or injured feelings that can result from friction and rudeness among people in day-to-day life" satisfy this standard. *Philibert*, 360 Or at 713 (quoting *Hall v. May Dept. Stores*, 292 Or. 131, 135, 637 P2d 126 (1981)).

Plaintiffs cannot establish from the record that Liberty Mutual's claim handling caused them to suffer a serious emotional injury sufficient to be legally actionable under Oregon law. In



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

*Moody*, a carrier **denied a life insurance claim** filed by a widow who relied upon her deceased husband to sustain her household financially. In this matter, it's unclear what Liberty Mutual did to cause Plaintiffs their purported emotional harms. Both testified about the stress caused by the Fire Loss. Likewise, both testified to the stress caused from moving into an incomplete house. But Liberty Mutual did not cause those stressors. Liberty Mutual provided Plaintiffs with their full ALE entitlement and approved PDR's scope of repair. The purported cause of Plaintiffs stress cannot be linked to Liberty Mutual. Furthermore, no objective indicators of a serious physical injury exist in the record. Both Plaintiffs conceded that they did not experience pain. Plaintiff Bloomer rated her own stress as a six out of ten. That figure is insufficiently low to justify noneconomic damages. The Court should grant summary judgment to Liberty Mutual on the Plaintiffs negligence demand for noneconomic damages.

## CONCLUSION

Liberty Mutual respectfully requests that the Court grant summary judgment to Liberty Mutual on the Plaintiffs' negligence demand for noneconomic damages.

DATED, this 5th day of June 2026.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: *s/ Lloyd Bernstein*
**Lloyd Bernstein, OSB #002030**
lloyd.bernstein@wilsonelser.com
**Thomas James Belesiu, OSB #183032**
Email: thomas.belesiu@wilsonelser.com

*Attorneys for Defendant Liberty Mutual Insurance Company*



**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019